INMATE UNSWORN DECLARATION

My name is Willie Henry, III and I am incarcerated in the Wynne Unit

810 Fm 2821 Huntsville, Texas, 77349. My Tdc# is 1550834. I am over the age

of 18 years old and I am competent to give this statement. I have personal

knowledge that every statement contained herein (affidavit, motions) are

true and correct. And that the documents included are true and correct

copies.

MOTION DENIED
DATE: 3-25-15
BY: PC

The motions filed are not for delay nor to waste resources. But are

serious and meritorious grounds for which I have no other remedy. On Aug-

ust 27,2007, I entered a no contest plea to aggravated assault. However,

I was never notified about the element of serious bodily injury. I entered

the plea agreement under misleading advice of trial counsel.

1. Counsel told me that aggravted assault was a lesser included offense to
   the grand jury's charge of sex assault. (P.C. 22.011(E))
2. Counsel told me that I could not have a jury trial on the original off-
   ense of sex assault because I ran out of money.
3. Counsel told me that I was not allowed to have any witnesses in my favor.
4. I was never made aware of the re-indictment which the docket sheet shows
   as being done on September, 2006.
5. Counsel failed to inform me that the case was set for trial on 8-27-2007.
   I only found out the weekend before that Monday through a phone call from
   my bond company.
6. Counsel failed to do any investigation of witnesses or victim.
7. I made it known to the trial court that I wanted a jury trial but was
   coerced into a plea because I ran out of money to pay lawyer.
8. I am innocent of the offense as pleaded to and also, grand jury offense
   as alleged in indictments. I was never informed of my right to be tried
   on offenses only alleged by a grand jury screening of charges.
9. Had I been informed of all of these facts and rights, I never would have
   entered the plea.

I Willie Henry, III, do declare under the penalty of perjury that

every statement is true and correct and that I have reviewed each statement

contained in the motion and affidavit. I ask this court to accept this

unsworn inmate declaration in place of a notorized affidavit.

_____
Pro Se

3-2-15
_____
Date

NO.

| Willie Henrv, III | § | |
|---|---|---|
| Petitioner | § | In The Court Of |
| v. | § | Criminal Appeals |
| State of Texas | § | |
| | § | |
| | § | |

## MOTION FOR LEAVE TO FILE
## MOTION TO RESET TIME TO FILE MOTION FOR NEW TRIAL

I, Wiilie Henrv, III, comes filing Pro Se, this motion for leave to file the attached motion to file the motion to reset time to file Motion For New Trial.

### I.

It will be shown that T was without counsel durino the time to file a motion for new trial after an adjudication of guilt from the 252nd District Court of Jefferson Countv, Texas. That this was a critical stage. (Trial Court No. 98575)

### II.

An Appellate Court has the power to applv Rule 2 of the Rules of App. Proc. and order a different procedure.

### III.

"Good Cause" exisists when a defendant was without counsel during the period to file a motion for new trial. And that T was without counsel at that time to file motion.

### IV.

Because this case was goverened under Rule of App. Proc. art 25.2(Plea barqained case), theissues of involuntary plea and ineffective assistance of counsel at trial could only be raised on a motion for new trial or on habeas corpus. Cooper v. St., 45 sw3d 77: Woods v. St., 117 sw3d 300, 301 "Voluntariarilness of plea may be raised by a motion for new trial and habeas corpus but not on appeal." **Donovan v. St., 68 sw3d 633: Carlton v. St., 91 sw3d 363**

### V.

Mr. Kevin Laine, was mv attorney during the revocation proceedinos but T could not afford to hire him to remain throuoh the appeal and motion for new trial period. Therefore, he mailed the notice of pro se appeal for me to sion and send to the clerk. I did. The court appointed Mr. Douq Barlow for

ML-1

appeal, but he never contacted me nor answered any attempted phone calls during the period to file a motion for new trial. As a matter of fact, I've never heard from him at all. My Mom, Sister, Niece and Wife put together to pay a retainer to Mr. Hugh O'Fiel, but he never contacted me either. He did not visit with me nor did he answer any of my letters. I have no idea what he looks or sounds like. The only response I ever got from him was after he had already filed the appeal. The grounds which he filed were not appealable. The 9th Court of appeals did not ahve the jurisdiction to consider the IAC on an appeal. They affirmed the conviction when they should have dismissed th appeal.

Under C.C.P.art. 26.04(j)(1,2), Mr. Barlow, who was appointed by the court on January 26,2009 and remained until he was relieved by the court on February 17, 2009, failed to perform his duties. He had a duty to meet with me in some manner, no later than the first working day after he was appointed His failure prejudiced any chance to have heard in any meaningful proceeding, the issues of involuntary plea and ineffective of counsel. (**C.C.P. art. 1.051**) See: Trevino v. Thaler, 133 S.CT. 1911: Caldwell v. Thaler, 770 F.Supp 2d 849

### VI.

Because of the IAC during the time to file a motion for new trial after adjudication of guilt and the IAC of Mr. O'Fiel, on the appeal(Not contacting Client, and filing non appealable issues), my Constitutional right to have the effective assistance of counsel during first appeal has been violated "As a matter of state statutory law[and federal Const. Law] a criminal defendant is entitled to counsel, not just at trial, but also during the first appeal as of right." **Cooks v. St., 240 sw3d 906.** Furthermore,"In order to obtain meaningful appeal, sometimes a defendant must prepare, file, present, and obtain a hearing on a motion for new trial: it is unreasonable to require him to do this without assistance." **Massingill v. St., 8 sw3d 733,736-7**

**I tried to present the issues on habeas** however, I had no clue as to what I was doing. All I could do was state what happened, and the writ was denied. 73,015-01 I have tried numerous other filings but to no avail in getting them heard by the court. I've been extremely diligent in the matter.

### PRAYER

I, Willie Henry, III, prays that this Honorable Court will grant this mo -tion for leave to file and agrees to hear the motion and consider brief.

ML-2

Respectfully Submitted,

Willie Henry III
Pro SE

3-17-15
Date

TDC# 1550834
Wynne Unit
810 FM 2821
Huntsville, TX. 77349

ML-3